# EXHIBIT M

ADAs Linda Breen and Leonard
Joblove's November 16, 2000,
Affidavit And Memorandum of Law
Opposing Ellis' Federal Habeas
Corpus Petition

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
                                   :
GREGORY ELLIS                      :
                                   :    AFFIDAVIT IN OPPOSITION
                        Petitioner, :   TO A PETITION FOR A WRIT
                                   :    OF HABEAS CORPUS
            -against-              :
                                   :    CV-00-3246 (FB)
MICHAEL McGINNIS, Superintendent,  :
Southport Correctional Facility,   :    Kings County Ind. No.
                                   :    6587/94
                       Respondent. :
----------------------------------X


STATE OF NEW YORK)
                 ) SS:
COUNTY OF KINGS  )


        LINDA BREEN, being duly sworn, deposes and says:

        1.    I am an Assistant District Attorney of counsel to CHARLES

J. HYNES, District Attorney of Kings County.   I am admitted to

practice in New York State and before this Court.

        2.    By agreement with the Attorney General of the State of

New York, the District Attorney of Kings County will represent

respondent in the above-captioned matter.

        3.    I submit this affidavit in opposition to petitioner's

application for a writ of habeas corpus.   Unless otherwise

indicated, the following statements are made on information and

belief, based on the records and files of the District Attorney's

Office.

        4.    On January 1, 1994, sometime between 4:00 and 4:30 a.m.,

petitioner and Michael Lee fired handguns from inside a car on a

crowd of people on a street corner, killing twenty-one year old

                                   1

John Steadman.  This act was apparently revenge for a prior fight. Dwayne Brown was the driver of the car.

5.   Ellis, Lee, and Brown were charged with acting in concert in the commission of the murder, and each defendant was tried separately.  A first Ellis trial, under Indictment Number 6587/94, in November, 1994, ended in a mistrial as a result of a deadlocked jury.  After a second jury trial, Ellis was convicted of Murder in the Second Degree (N.Y.P.L. § 125.25[2]).

6.   On May 30, 1995, petitioner Ellis was sentenced to an indeterminate term of imprisonment of twenty-five years to life (Beldock, J., at trial and sentence).

7.   On November 12, 1996 petitioner moved, through counsel, for an order pursuant to N.Y.C.P.L. § 440.10 vacating his judgment of conviction.  In that motion, petitioner claimed (1) that his conviction, after his second trial, was based on the knowingly false testimony of eyewitness Richard Rivera, and that Rivera had been granted immunity from prosecution; and (2) that he was denied the effective assistance of trial counsel because counsel did not call Curtis Anderson, an allegedly exculpatory witness, to testify for the defense.

8.  That motion was denied, with opinion, by the state supreme court, by Order dated May 29, 1997 (Demarest, J.).  The court held that petitioner had not established any proof of perjury.  Also, the court held that petitioner had not shown that his attorney's decision not to call Curtis Anderson to testify was due to an

2

absence of trial strategy, but that rather, the record showed such a "possible strategy."

9.   Petitioner's application for leave to appeal the denial of his motion to vacate was denied, without opinion, by the Appellate Division, Second Department, on June 30, 1998.  On April 23, 1999, the Court of Appeals dismissed petitioner's application for leave to appeal that denial.

10.   On November 23, 1997, petitioner's judgment of conviction was affirmed, with opinion, by the Appellate Division, Second Department.  People v. Ellis, 244 A.D.2d 354 (2d Dep't 1997). One of the claims petitioner made in his direct appeal was that the prosecution had concealed the information that its witness Richard Rivera had been granted immunity from prosecution in exchange for his testimony.  The respondent argued in response that the record and the facts established without question that there was no such immunity granted.  The Appellate Division held that this claim was "either unpreserved or without merit."

12.   By Certificate dated January 20, 1998, the New York Court of Appeals denied petitioner's application for leave to appeal the Appellate Division's decision.   People v. Ellis, 91 N.Y.2d 891 (1998).

13.   In this current application for a writ, petitioner again claims that his conviction was based on the perjured testimony of Richard Rivera and that Rivera was granted immunity.  Second, he again claims that he was denied the effective assistance of counsel

3

at trial because his attorney did not call Curtis Anderson to testify.

   14. Attached as Exhibits to this memorandum of law are:

A) trial transcript

B) Both parties' briefs to the Appellate Division.

C) Decision and Order of the Appellate Division.

D) Both parties' Letters to the Court of Appeals and the Certificate of the Court of Appeals.

E) Petitioner's Motion to vacate judgment.

F) Respondent's papers in opposition to motion. (Exhibits that were attached to opposition papers available at Court's request).

G) Decision and Order of Motion Court.

H) Decision and Order of Appellate Division denying leave to appeal; and Certificate of Court of Appeals denying further appeal of motion.

   WHEREFORE, and for the reasons set forth in the accompanying memorandum of law, the application for a writ should be dismissed.

Dated:  Brooklyn, New York
        November 17, 2000

                                        Linda Breen
                                   Assistant District Attorney
                                        (718) 250-2474

Sworn to before me.
this 15th day of November, 2000

ROBERT W. HO
Notary Public, State of New York
No. 01HO6026162
Qualified in New York County
Commission Expires June 07, 2001

Robert Ho          Robert W. Ho    4
Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
                                   :
GREGORY ELLIS                      :
                                   : MEMORANDUM OF LAW
                   Petitioner,     :
                                   :
        -against-                  :
                                   : CV-00-3946
MICHAEL McGINNIS, Superintendent,  :
Southport Correctional Facility,   :
                                   :
                   Respondent.     :
                                   :
-----------------------------------X


STATEMENT OF FACTS

    The respondent relies on the statement of facts at pages 2 through 7 of the brief filed by Respondent in the Appellate Division, and the additional facts and affidavits contained in the state motion to vacate papers, attached as Exhibits.

1

<u>POINT I</u>

<u>PETITIONER HAS NOT ESTABLISHED THAT WITNESS RIVERA COMMITTED
PERJURY OR THAT HE WAS GIVEN A PROMISE OF IMMUNITY</u>.

At trial, the prosecution witness Richard Rivera testified
that he saw petitioner and codefendant Michael Lee each holding a
gun and firing shots out of a car into a group of people.  This
shooting resulted in the death of John Steadman (<u>see</u> trial record
at 178-81, 186-87, 251, 253, 289; respondent's brief to the
Appellate Division, Statement of Facts, at 3-4).

Petitioner contends that Rivera committed perjury at trial.
Petitioner also contends that Rivera was granted immunity from
prosecution for perjury.  Although petitioner does not develop his
argument any further than the making of these allegations, it can
be assumed that he intends to raise the same arguments that he made
in support of his claims on this issue in the state court direct
appeal and in his state motion to vacate judgment.

On direct appeal, petitioner argued that Rivera had been
granted immunity in a secret deal with the prosecution, and that
his constitutional right of confrontation was impeded because the
court should have instructed the jurors that Rivera was testifying
only by court order pursuant to this secret agreement (<u>see</u>
petitioner's brief to the Appellate Division at pages 34-39).

In his motion to vacate judgment, petitioner claimed that
Rivera had committed perjury at trial because he had testified
inconsistently with his testimony at the first trial.  The subject
matter concerned which of the defendants, petitioner or Michael
Lee, who were charged with acting in concert in the commission of
the murder, was sitting in the front seat of the car, and who was

sitting in the back seat during the shooting (Petitioner's memorandum in support of motion at 2-4).

Respondent argued in opposition to both of these claims. In summary, the People's argument on direct appeal was that the record unequivocally established that Rivera was never granted any type of immunity whatsoever during petitioner's trial, and that, therefore, no secret deals were concealed from the jurors. Consequently, based on the facts, his right of confrontation was not infringed (see Respondent's brief at 17-26). The Appellate Division rejected petitioner's claim.

The People's argument in opposition to the motion to vacate was, in sum, that petitioner had not proved that Rivera ever committed perjury. Affirmations from the trial prosecutor, who worked directly with Rivera in preparing the case for trial, were included in the People's answer. Moreover, even if Rivera's testimony were perjurious rather than simply inconsistent, such would not have been material evidence warranting reversal or vacatur under state law. The testimony concerning seating arrangements in the car was not material because petitioner and Lee, as well as the driver, Dwayne Brown, were all charged with acting in concert to shoot and kill the victim, John Steadman. Thus, under accomplice liability law, it did not matter who sat where. This testimony could not therefore have affected the verdict (see respondent's brief at 1-5).

The motion court rejected the perjury argument. That court held that petitioner had failed to prove any perjury or the

prosecutor's knowledge of any such perjury. Also, the motion court held, relying on <u>United States v. Wallach</u>, 935 F.2d 445, 456 (2d Cir. 1991), that the federal constitution's due process requirements were not violated because even if Rivera's testimony was perjury, and the prosecutor knew about it at the time of trial, petitioner failed to show that there was a reasonable likelihood that the false testimony could have affected the judgment of the jury (<u>see</u> state court's Decision and Order at 7-11).

Both of the lower courts correctly rejected the perjury claims, as should this Court, for the same reasons. First, the claim that Rivera was granted a secret, undisclosed promise of immunity in exchange for his testimony at petitioner's trial has been completely refuted by the trial record itself and the affidavit of the trial prosecutor. As fully explained in respondent's brief to the Appellate Division, to which this Court is respectfully referred for fuller argument, the record makes absolutely clear that Rivera was not granted any immunity or other consideration for his testimony in petitioner's trial (<u>see</u> brief at Point III, pages 17 -26).

In addition, the trial prosecutor, Kyle Reeves, swore, in an affidavit submitted to the motion court, that he never granted Rivera immunity from prosecution for perjury at petitioner's trial (<u>see</u> affidavit, para. 5-9). He also stated that during the second trial of codefendant Michael Lee, a subsequent trial which began well after petitioner was convicted, he finally agreed to an immunity from prosecution deal for Rivera because Rivera had

4

changed from his previously cooperative attitude to one of hostility and equivocation (see id., at para 12- 16).   In light of these facts, uncontradicted at any time by petitioner, this Court should reject, on the facts, the claim that there was any undisclosed agreement at the time of petitioner's trial. Consequently, there can have been no <u>Brady</u> violation or of the right of confrontation.

## POINT II

### PETITIONER WAS NOT DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

Petitioner contends that he was denied the effective assistance of trial counsel because his attorney did not call Curtis Anderson, who had testified on his behalf at the first trial, to testify for him at his second trial.  Again, respondent assumes that petitioner intends to make the same argument in support of this allegation as he made in his motion to vacate judgment.   Petitioner contended there that Anderson was an exculpatory witness whose testimony would have raised a reasonable doubt as to defendant's guilt (see petitioner's motion to vacate, memorandum at 4-12).   Respondent answered that the record of petitioner's first trial showed that Anderson's testimony did not exculpate petitioner nor did it provide an alibi.   Anderson testified that he had been at a New Year's Eve party with petitioner and codefendants Brown and Lee, and the victim, John Steadman.  About 2:30 or 3:00 a.m., Anderson saw Ellis walk away. He did not testify that he saw or was aware of petitioner's whereabouts at any subsequent time.   The murder occurred between 4:00 and 4:30 a.m.  Anderson testified that he was not able to see through the tinted windows of the car from which the shots were fired to see who was inside.  Also, Anderson admitted to having been drunk that early morning, and to having had two fistfights and an argument with a woman at the party.  He had a conviction for felonious assault on his record.  Moreover, according to the affidavit of the trial prosecutor, Kyle Reeves, submitted in

support of respondent's answer to the motion, Anderson presented an untrustworthy demeanor.  In addition, petitioner offered the state court an affidavit from Anderson, but nothing therein exculpated petitioner (see respondent's memorandum at 6-8).

The state motion court rejected the claim, holding that petitioner's federal constitutional right to the assistance of counsel had not been denied.  The court held that petitioner failed to show that counsel did not base his decision not to call Anderson on a reasonable trial strategy, and that petitioner had failed to meet the standards set out in Strickland v. Washington, 466 U.S. 668, 687 (1984) (see Decision and Order at pages 11- 13).

This Court should reach the same result.  To establish effective assistance of counsel, a defendant must show a deprivation of "meaningful representation."  See People v. Satterfield, 66 N.Y.2d 796, 799 (1985).  People v. Flores, 84 N.Y.2d 184, 187 (1994); People v. Baldi, 54 N.Y.2d 137 (1981).  To establish sufficient prejudice to support a claim of ineffective assistance of counsel, a defendant must demonstrate that there is a reasonable probability that, but for the defense attorney's unprofessional errors, there would have been a more favorable result for the defendant at trial.  See Strickland v. Washington, 466 U.S. 668 (1984).  As fully set out in respondent's memorandum in opposition to the motion to vacate (to which this Court is respectfully referred for further argument), petitioner has not shown that had Anderson testified, there was a reasonable possibility that the outcome of the trial would have been

different.    See Strickland v. Washington, 466 U.S. at 687-94;

respondent's memorandum in state motion at 6-8.

8

CONCLUSION

FOR THE FOREGOING REASONS, THE PETITION FOR A
WRIT OF HABEAS CORPUS SHOULD BE DENIED.


Dated:   Brooklyn, New York
         November 17, 2000


                              Respectfully submitted,


                              CHARLES J. HYNES
                              District Attorney
                              Kings County



LEONARD JOBLOVE
LINDA BREEN
Assistant District Attorneys
     of Counsel