## DAVE LAW PC

26 Court Street                                                                516-782-1614
Suite 1212                                                          ritadaveesq@gmail.com
Brooklyn, New York 11242

RITA DAVE, ESQ.                                                          JABBAR COLLINS
                                                                            (Paralegal)

October 21, 2020

**By ECF**
Honorable Frederic Block
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Ellis v. McGinnis, et. al.*, 20 CV 1801 (FB) (PK)

Dear Judge Block:

    I represent Gregory Ellis, the Plaintiff in this civil action. I submit this letter in response to Defendants Leonard Joblove and Linda Breen's October 19, 2020, letter requesting a pre-motion conference to discuss their anticipated Fed.R.Civ.P. 12 (b) motion to dismiss our Second Amended Complaint ("SAC") (ECF Doc. #30).

## **Factual Background**

    Gregory Ellis spent 25-years in prison on a 1995 Brooklyn murder conviction. In 2001, six-years into his sentence, he brought a federal habeas corpus petition in this Court arguing the sole identifying witness against him —a parolee named Richard Rivera— committed perjury during Ellis' trial. *Ellis v. McGinnis*, 00 CV 3246 (FB). Two prosecutors from the Brooklyn District Attorney's Office —Defendants Joblove and Breen— opposed Ellis' habeas petition. They swore to Your Honor that Rivera had not committed perjury, was cooperative throughout Ellis' trial, testified voluntarily, and was not given immunity or any other consideration for testifying. To bolster those claims, they submitted state court records —sworn affidavits, memorandums, and briefs— echoing those representations. Your Honor credited the defendants' claims and relying on that state record, denied Ellis' habeas petition. Your Honor specifically found Rivera had been cooperative throughout Ellis' trial, had not committed perjury, and had not received immunity. *See e.g. Ellis v. McGinnis*, 2001 WL 726983, *5-6 (E.D.N.Y. June 28, 2001) (Block, J.) (Ellis "has not submitted any affidavits or other supporting evidence to show that Rivera did in fact offer false testimony at his trial[,]" and "there is nothing in the record to suggest that the government was aware that Rivera was offering perjured testimony.")

    It turns out that Joblove and Breen were lying all along. The new documentary evidence attached to our SAC —including an undisclosed material witness warrant the trial prosecutor used in locking Rivera up as a prisoner in a Queens hotel room— shows Rivera actually *refused* to testify the morning he was scheduled to take the stand at Ellis' first trial —ending in mistrial— and the trial prosecutor *secretly coerced him* into testifying by incarcerating him. SAC ¶ 8 (b) - (g). The prosecutor then had Rivera perjuriously testify he was not receiving any benefit in exchange for testifying when, in truth, Rivera's freedom from custody was contingent upon him testifying. SAC ¶ 8 (h) - (i), (n). At Ellis' second trial where he was convicted, Rivera repeated all of the false

testimony from the first trial, lied about the coercion, and was again falsely presented as a voluntarily witness who had not received any consideration for his testimony.

Defendants Joblove and Breen hid all of this from Your Honor during Ellis' habeas proceeding. SAC ¶¶ 150-171. They intentionally manufactured a host of false court records painting Rivera as a voluntary witness who had not received any consideration, submitted them to this Court, and made materially misleading representations to Your Honor. Their deception, *inter alia*, precluded Your Honor from considering Rivera's perjury *at both* of ELLIS' trials as Your Honor was required to do when deciding Ellis' perjury claim. *Ortega v. Duncan,* 333 F.3d at 107 (relying on pre-2001 authority to conclude that when ruling on a perjury issue, "the court must weigh *all* the evidence of perjury before it[]") (emphasis added). Unlike garden-variety fraud between litigants, Joblove and Breen's fraud was aimed *at the Court* and part of an intentional scheme to deceive, after deceiving each level of the New York State court system. SAC ¶¶ 127-171. This government attorney-sponsored, multi-leveled scheme to deceive, spanning over 19-years, is a rare textbook example of fraud on the court, and far more egregious than the deception deemed actionable in the leading case in this area. *See e.g. Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245-46 (1944) (setting aside a twelve-year old judgment upon discovery of a "deliberately planned and carefully executed scheme to defraud not only the Patent Office but [a] Circuit Court of Appeals"); *Leber–Krebs, Inc. v. Capitol Records*, 779 F.2d 895, 898 (2d Cir. 1985) (attorney's deception of district court was fraud on the court under *Hazel-Atlas Glass Co,* and that fraud doctrine "has always been characterized by flexibility which enables it to meet new situations which demand equitable intervention[.]"); *Demjanjuk v. Petrovsky*, 10 F.3d 338, 354 (6th Cir. 1993) (prosecutorial misconduct during habeas corpus proceeding constituted fraud on the court). Yet Joblove and Breen now attempt to escape any level of accountability for their conduct by advancing several meritless arguments in hopes of having this lawsuit dismissed.

I.     **Defendants' Claim That Their Conduct Does Not Constitute Fraud On The Court**

In the Second Circuit, an attorney's deliberate misrepresentations to the court may qualify as fraud on the court under *Hazel-Atlas Glass Co., supra*. *See e.g. Leber–Krebs, Inc. v. Capitol Records*, 779 F.2d 895, 898 (2d Cir. 1985) (attorney's deception of district court); *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) ("[F]raud perpetrated *by officers of the court* so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases") (emphasis added); *E. Fin. Corp. v. JSC Alchevsk Iron & Steel Works*, 258 F.R.D. 76, 85 (S.D.N.Y. 2008) (Patterson, J.) (under *Hazel-Atlas,* "[w]hen an attorney misrepresents or omits material facts to the court … his conduct may constitute a fraud on the court") (citation omitted). Considering this authority and that as prosecutors Joblove and Breen had a "special duty" not to mislead the court, *United States v. Salameh*, 152 F.3d 88, 133 (2d Cir. 1998), their conduct during Ellis' habeas action was fraud on the court. Defendants ignore this entire body of case law and instead cite inapplicable cases that did *not* involve attorney-sponsored deception aimed at a court. *See Gleason v. Jandrucko*, 860 F.2d 556 (2d Cir. 1988) (*civil defendant's* nondisclosure and deception *of a plaintiff* during discovery); *LinkCo, Inc. v. Akikusa*, 615 F.Supp.2d 130, 137 (S.D.N.Y. 2009) (Scheindlin, J.) ("[N]o allegation of attorney collaboration or involvement in the [civil defendant's] alleged fraudulent scheme" to deceive the court).

Likewise, defendants ignore our detailed showing that their deception was intentional. SAC ¶¶ 128-132, 154. Indeed, when Joblove and Breen submitted their habeas opposition to this Court they *certified* they conducted a reasonable inquiry and that their factual assertions were warranted, *see* Fed.R.Civ.P. 11 (McKinney's 2000), and they were obligated to ensure those representations were truthful. *See Su v. Filion*, 335 F.3d 119, 127 (2d Cir. 2003) (prosecutor's obligation to present truthful evidence is "fundamental"); SAC, p. 41 n. 14.

Finally, a *Hazel-Atlas Glass Co.* fraud on the court claim does not require a showing of materiality.  *Id.* at 246–47. Nevertheless, our complaint shows how Joblove and Breen's deception was in fact material and corrupted the entire habeas adjudicative process in Ellis' case.  SAC ¶ 171.

**II.    This Lawsuit Is The Only Avenue Ellis Has To Have His Fraud On The Federal Court Claim Adjudicated**

Defendants' argument that Ellis should raise his fraud on the court claim in a new CPL § 440 motion or a second or successive habeas petition is legally baseless.  A state court has no jurisdiction to adjudicate fraud on a federal court, SAC ¶¶ 175-176, and a fraud on the court claim is *not* cognizable in a petition for a writ of habeas corpus, much less a second or successive one.  SAC ¶ 226, p. 62 n. 21.  Nor is Ellis' fraud on the court claim cognizable on a Fed.R.Civ.P. 60 (b) motion as defendants successfully concealed their fraud during the one-year period when such a motion was available.  SAC ¶¶ 205-207, 227-228.  Our inclusion of Rivera's affidavit with our SAC does not alter that result.  We included Rivera's affidavit with our complaint primarily to show the plausibility of our allegations regarding Rivera, SAC ¶ 13, and Ellis can win judgment in his favor here *without any reference* to Rivera's affidavit.

**III.   Ellis Correctly Chose To Proceed By Way Of An Independent Action**

Notwithstanding defendants' claims to the contrary, Ellis has the right to raise his fraud on the court claim by an independent action, and to name new defendants who were not parties to the original habeas action.  *See* SAC p. 2 n. 1; *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 216 n. 7 (2d Cir. 2013) ("Plaintiffs, as masters of their complaint, are always free to choose the statutory provisions under which they will bring their claims"); *Cherry v. New York City Dep't of Correction*, 2016 WL 6205797, at n. 1 (E.D.N.Y. Oct. 24, 2016) (Cogan, J.) ("[I]ndependent action to challenge judgment can name additional or different parties") (citation omitted); 11 Wright & Miller Fed. Prac. & Proc. Civ. § 2868 (3d ed. April 2020 Update) ("[A]dditional persons can be named as parties.")  Defendants totally ignore this authority and the unavailability of the Fed.R.Civ.P. 60 (b) motion they fault Ellis for not making.  SAC ¶¶ 205-207, 227-228.

**IV-V.  *Heck/Preiser* Cannot Bar This Lawsuit, And Declaratory Relief Is Proper**

*Heck v. Humphrey*, 512 U.S. 477 (1994) and *Preiser v. Rodriguez*, 411 U.S. 475 (1973) govern §1983 actions, not actions under the Court's inherent powers or independent actions.  SAC ¶ 234.  Further, (1) in light of Joblove and Breen's misconduct, they are equitably estopped from raising the *Heck/Preiser* issue and/or have waived the issue, *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 863 (7th Cir. 2004); (2) having defeated Ellis' CPL § 440 motion in state court by arguing the material witness warrant issue was *insufficient* to require vacatur of Ellis' conviction, defendants are both judicially and collaterally estopped from now changing their position and arguing that a judgment based on the same facts would *invalidate* Ellis' conviction.  *Alexsam, Inc. v. MasterCard Int'l Inc.*, 2020 WL 3286785, at *4 (E.D.N.Y. June 17, 2020) (Glasser, J.); and (3) judgment in this action would not violate *Heck* as the state court has already concluded the existence and non-disclosure of the material witness warrant issue did not violate ELLIS' constitutional rights or require invalidation his conviction.  ECF Doc. # 36, Exhibit 2, pp. 8-9.

Finally, a declaratory judgment is proper as it would determine Joblove's future duties and obligations to *correct the state court record in the reopened habeas action* sought by this lawsuit.

Respectfully submitted,<br>
/s/ *Rita Dave*<br>
Rita Dave

cc:   Counsel of Record (*via* ECF)

3